UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                         No. 03-4173

RAMON ANGEL GARCIA,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Lyle E. Strom, Senior District Judge.
(CR-01-36-S)

Submitted: December 18, 2003

Decided: January 22, 2004

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Robert James Conrad, Jr., United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ramon Angel Garcia appeals his jury conviction and sentence on a charge of conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) (2000). The district court sentenced Garcia to 151 months' imprisonment, five years of supervised release, and ordered him to pay the $100 assessment. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), claiming insufficiency of the evidence to support the conviction, but concluding that there are no meritorious grounds for appeal. Garcia has filed a supplemental brief, also asserting the evidence was insufficient, and claiming ineffective assistance of counsel. In addition to consideration of the issues raised by Garcia and his counsel, in accordance with the requirements of *Anders*, we have examined the entire record and find no meritorious issues for appeal.

The sole basis for both Garcia's and his attorney's claims of error with regard to the sufficiency of the evidence supporting Garcia's conviction is credibility. Both assert the government's witnesses perjured themselves, were unreliable, and some testified untruthfully in exchange for reduced sentences.

In evaluating the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the government, and determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). Furthermore, we accord the benefit of all reasonable inferences to the government. *Tresvant*, 677 F.2d at 1021. Credibility of witnesses is within the sole province of the jury and is not susceptible to review. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

As evidenced by the finding of guilt, the jury resolved any conflicts in testimony in favor of the prosecution, and otherwise determined the government's witnesses to be sufficiently credible to support their verdict of guilty. Because we may not second-guess the credibility

findings of the fact-finder, we find no merit to the claim of insufficiency of the evidence.

Garcia's second issue on appeal is that his attorney was ineffective. Such claim should be raised by motion under 28 U.S.C. § 2255 (2000), in the district court, unless it conclusively appears from the record that the defense counsel did not provide effective representation. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). We find that it does not conclusively appear from the face of the record that Garcia's defense counsel failed to provide effective representation sufficient for the claim to be cognizable on direct appeal.

In accordance with *Anders*, we have thoroughly examined the entire record for any potentially meritorious issues; we find none. There were no irregularities in the pre-trial or trial process, and we find that Garcia was sentenced upon a proper application of the United States Sentencing Guidelines and consistent with statutory and constitutional law. Accordingly, we affirm Garcia's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*